**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TARA ANDERSON | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| AFNI, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereafter the "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (hereafter the "TCPA") and other state laws. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Tara Anderson (maiden name Pack) is an adult individual residing at 1247 Ingham Street, Pittsburgh, PA 15212.

5. Defendant AFNI, Inc. ("Defendant") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located

at 404 Brock Drive, Bloomington, IL 61701.  The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## IV.  **FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, Defendant was hired to collect a debt owed by Tara Sampson, an individual charged and convicted of the identity theft of Plaintiff Tara Anderson (hereafter the "debt"), whose maiden name was Tara Pack at the time of the fraud.

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times material hereto, Plaintiff did not owe the debt to Defendant.

9. On or about May, 18, 2010, Defendant contacted the Plaintiff by an automated recording in an effort to coerce payment of the debt.

10. Plaintiff called Defendant and clearly informed it that she was not Sampson, Plaintiff was actually a victim of identity theft committed by Sampson, Plaintiff did not owe the subject debt, and that Defendant should cease calling Plaintiff or otherwise attempting to collect the debt from her.

11. Notwithstanding the above, beginning in or about May 2010, Defendant contacted the Plaintiff several times per week for approximately two months, at least fifteen of those additional communications were by means of automated messages, in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

12. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to a non-debtor.

13. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

14. Defendant acted in a false, deceptive, misleading, and unfair manner by communicating with persons other than the debtor.

15. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

16. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt

18. Defendant knew or should have known that its actions violated the FDCPA and the TCPA.  Additionally, Defendant could have taken the steps necessary to bring its actions into compliance with the FDCPA and TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, invasion of privacy, and emotional and mental pain and anguish that she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## V. <u>FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA</u>

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25. The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

26. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d(5), 1692e, 1692e(2)(A), 1692e(10), and 1692f as evidenced by the following conduct:

    (a) Disclosing the debt to persons other than the debtor;

    (b) Communicating with persons other than the debtor on more than one occasion;

    (c) Communicating with persons other than the debtor;

    (d) Causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

    (e) Falsely representing the amount, character or legal status of the debt;

 (f) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

 (g) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

 (a) That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

 (b) That an order be entered enjoining Defendant from continuing to communicate with Plaintiff in violation of the FDCPA;

 (c) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

 (d) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

 (e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

 (f) That the Court grant such other and further relief as may be just and proper.

## VI. <u>SECOND CLAIM FOR RELIEF - VIOLATION OF THE TCPA</u>

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Defendant initiated multiple automated telephone calls using a prerecorded voice to Plaintiff concerning a debt that Plaintiff does not owe.

31. Defendant initiated these automated calls to Plaintiff using an automated telephone dialing system that had the capacity to store or produce telephone numbers using random or sequential number generation.

32. Defendant violated the TCPA. Defendant's violations include, but are not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(d)(1)(A) and 47 C.F.R.§ 64.1200 *et seq.* as evidenced by the following conduct:

   (a) initiating telephone calls to Plaintiff's cellular telephone using artificial or prerecorded voices to deliver messages without Plaintiff's consent;

   (b) initiating telephone calls to Plaintiff's residential telephone line using artificial or prerecorded voices to deliver messages without Plaintiff's consent; and

   (c) initiating telephone calls to Plaintiff using an automated telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

34. The acts and/or omissions of Defendant were done unfairly, unlawfully,

intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense legal justification or legal excuse.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) An order directing that Defendant immediately cease and desist from calling Plaintiff using any automated telephone dialing system and any system that uses an automated prerecorded voice pursuant to 47 U.S.C. § 227(b)(3)(A);

(b) That judgment be entered against Defendant for actual damages pursuant to 47 U.S.C. § 227(b)(3)(B);

(c) That judgment be entered against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B);

(d) That the Court award treble damages for Defendant's willful and knowing violations of the TCPA pursuant to 47 U.S.C. §227(b)(3); and

(e) That the Court grant such other and further relief as may be just and proper.

## VII.  THIRD CLAIM FOR RELIEF - INVASION OF PRIVACY

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Defendant invaded the privacy of Plaintiff by unreasonably intruding upon her seclusion by repeatedly contacting Plaintiff and misrepresenting the status of the alleged debt.

38. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

### VIII. JURY TRIAL DEMAND

39. Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: /s/ Mark D. Mailman
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: August 13, 2010